**In re Benjamin H. BENNETT, Jr., Debtor.**

**Bankruptcy No. 81–10184–BKC–SMW.**

United States Bankruptcy Court, S. D. Florida.

Oct. 29, 1981.

Reggie David Sanger, Fort Lauderdale, Fla., for creditor.

Richard Smith, Fort Lauderdale, Fla., for debtor.

### ORDER

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER having come before this Court on the creditor, NATALIE BLOCK's Objection to Exemptions, and after considering the evidence introduced, the testimony of the witnesses, and the demeanor and credibility of the witnesses, this Court finds as follows:

1. The debtor, BENJAMIN H. BENNETT, JR., filed a voluntary petition in bankruptcy on July 15, 1981.

2. At that time, the debtor, while being obligated to provide support to his two minor children pursuant to a final judgment of dissolution of marriage, had failed to make the payments on a regular basis and had accumulated an arrears of $4,551.00.

3. The debtor nevertheless claimed his exemption under Article X Section 4 of the Florida Constitution on the basis that he was the head of the family by providing the principal means of support for his mother, with whom he presently resides.

4. The debtor testified that he paid his mother approximately $500.00 per month, out of this sum she paid a car payment of $220.46 on a 1981 Thunderbird, which the debtor exclusively uses. Also, the debtor's mother pays from the remaining sum the following expenses for the debtor's benefit:

| | | |
|---|---|---|
| (a) Auto insurance | $227.50 | bi-annually |
| (b) Cable T.V. | $ 34.00 | per month |
| (c) Extra electricity | $ 50.00 | per month |
| (d) Extra food | $100.00 | per month |

5. After considering the payments made specifically for the benefit of the debtor, by virtue of his residing with his mother, there remains $57.62 on a monthly basis to defer the remaining household expenses of both the debtor and his mother.

6. The debtor's mother has her own income from social security which totals $288.00 per month. This covers her normal monthly expenses.

7. With these facts considered and the fact that the debtor had previously testified that he considered the amount paid to his mother, over and above the monies necessary for the maintenance of the automobile, as rent, it is hereby

ORDERED that the debtor does not qualify as head of a family under Article X Section 4 of the Florida Constitution and the objections claimed by him shall be disallowed with the property or its value to be turned over to the trustee of this estate for liquidation.